Filed 6/27/13  P. v. Johnk CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>PETO MCCLENNAN JOHNK,<br><br>        Defendant and Appellant. | A137537<br><br>(San Mateo County<br>Super. Ct. No. SC076501A) |

Defendant Peto McClennan Johnk appeals from a judgment entered on his plea. His counsel has asked this court for an independent review of the record to determine whether there are any arguable issues.  (*People v. Wende* (1979) 25 Cal.3d 436.)  We find none and affirm.

Johnk was charged with one felony count of vandalism causing damage of $400 or more (Pen. Code, § 594, subd. (b)(1))[1] after he broke a window and damaged a door of a house while the inhabitant was inside.  The information alleged that Johnk was ineligible for probation because he had two prior convictions.  (§ 1203, subd. (e)(4).)  The information also alleged that one of those convictions was a strike.  (§ 1170.12.)  The trial court later struck a separate sentence enhancement allegation that was also based on the prior convictions.  (§ 667.5, subd. (b).)

Under a plea agreement, Johnk pleaded no contest to the vandalism count and admitted the prior convictions.  But he filed a motion to dismiss the allegation that one of

---

[1] All statutory references are to the Penal Code.

1

those convictions was a strike under *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. On November 14, 2012, the trial court denied the motion and sentenced Johnk to a total of 32 months in prison (the lower term of 16 months, doubled because of the prior strike) and ordered him to pay various fines and fees. He timely appealed.

No error appears in the denial of Johnk's *Romero* motion, in the entry of the plea, or in the sentencing proceedings. Johnk was advised of his constitutional rights and the consequences of his plea before he entered it. The trial court found that his waiver of rights was knowing and intelligent, that the plea was free and voluntary, and that there was a factual basis for the plea. Johnk was represented by counsel throughout the proceedings.

There are no meritorious issues to be argued on appeal. The judgment is affirmed.

_____
Humes, J.

We concur:

_____
Ruvolo, P.J.

_____
Reardon, J.